# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Data Carriers, LLC,**<br><br>    Plaintiff,<br>           v.<br><br>**ZTE (USA) INC.,**<br><br>    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Data Carriers, LLC ("Data Carriers") makes the following allegations against Defendant ZTE USA Inc. ("Defendant").

## PARTIES

1. Data Carriers is a Delaware limited liability company having a principal place of business at 4023 Kennett Pike, Suite 531, Wilmington, Delaware 19807-2018.

2. On information and belief, ZTE (USA) Inc. is a Texas corporation having a principal place of business at 2425 N. Central Expressway, Suite 323, Richardson, TX 75080.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant is a Delaware corporation, has done business in this District, has committed acts of patent infringement in this District, and has harmed Data Carriers in this District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is a Delaware corporation, subject to personal jurisdiction in this District, and has committed acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,388,198

6.      Data Carriers is the owner by assignment of United States Patent No. 5,388,198 (the "'198 patent"), entitled "Proactive Presentation of Automating Features to a Computer User." The application for the '198 patent was filed on April 16, 1992. The patent issued on February 7, 1995, and was originally assigned to Symantec Corporation. A true and correct copy of the '198 patent is attached as Exhibit A.

7.      Defendant has directly infringed at least claim 5 of the '198 patent, in this judicial district and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling products and services that automatically intervene in the use of a computer system to suggest or present features based on information on the use of the system, including but not limited to autocomplete features of certain electronic devices, including the Merit smartphone and Optik tablet. Such products and services continuously monitor and compare user manipulations and program context with feature templates stored in memory, and present automating features if a match is found. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Data Carriers and is thus liable for infringement of the '198 patent pursuant to 35 U.S.C. § 271.

8. Defendant has committed these acts of infringement without license or authorization.

9. As a result of Defendant's infringement of the '198 patent, Data Carriers has suffered monetary damages in an amount not yet determined, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

Data Carriers respectfully requests that this Court enter:

A. A judgment in favor of Data Carriers that Defendant has infringed the '198 patent;

B. A judgment and order requiring Defendant to pay Data Carriers its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '198 patent as provided under 35 U.S.C. § 284;

C. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Data Carriers its reasonable attorneys' fees against Defendant;

D. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Data Carriers, including without limitation, pre-judgment and post-judgment interest; and

E. Any and all other relief to which Data Carriers may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Data Carriers, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| July 27, 2012 | BAYARD, P.A. |
| Of Counsel: | /s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk (rk0922) |
| Marc A. Fenster<br>Benjamin T. Wang<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025-1031<br>(310) 826-7474<br>mfenster@raklaw.com<br>bwang@raklaw.com | Stephen B. Brauerman (sb4952)<br>Vanessa R. Tiradentes (vt5398)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br><br>**ATTORNEYS FOR PLAINTIFF<br>DATA CARRIERS, LLC** |